UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **ANDREW ANDERSON,** )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>**BRITTANY GREENE,** )<br>    Defendant. ) | Case No. 3:24-cv-3045-SEM-EIL |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Andrew Anderson has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. Upon review, the Court finds that the Complaint fails to state a claim against the only named Defendant and is therefore dismissed without prejudice.

### I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*  In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate at Western Illinois Correctional Center ("Western"). Plaintiff's suit names Western Warden Brittany Greene as the only Defendant.

Plaintiff alleges that on four occasions from August 2022 through April 2023, he filed emergency grievances complaining that he was not being properly treated for his asthma.

Specifically, Plaintiff sent grievances to Defendant on: (1) August 24, 2022, because Plaintiff was denied treatment for an asthma attack in the Health Care Unit ("HCU") on August 23 when he refused to wait in a wing reserved for COVID-positive patients; (2) September 8, 2022, because an officer took 30 minutes to respond to the emergency button in his cell when Plaintiff was suffering asthma symptoms, after which a nurse did not check

Plaintiff's vital signs including oxygen level; (3) April 7, 2023, when Plaintiff complained that one or more officers could not locate his inhaler while he was in restrictive housing; and (4) April 11, 2023, regarding the disappearance of his rescue inhaler.

Plaintiff alleges that Defendant Greene was aware of his serious medical needs being ignored because she received these emergency grievances and signed off on them.

### III. Analysis

In order to state an Eighth Amendment claim of deliberate indifference to a serious medical need, a complaint must adequately allege that (1) the plaintiff had an objectively serious medical need, and (2) the defendant was deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Plaintiff has adequately alleged that he suffers from a serious medical condition: asthma.

However, to state a claim for deliberate indifference, Plaintiff must also allege facts plausibly suggesting that Defendant both knew of and disregarded the risk to his health. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (defendant violates the Eighth Amendment

only if (s)he "knows of and disregards an excessive risk to inmate health or safety"); *see also Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare").

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory prison staff can therefore only be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue University*, 928 F.3d 652, 664 (7th Cir. 2019). In addition, the denial or mishandling of a grievance does not, in itself, amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

As currently pled, Plaintiff's Complaint has adequately alleged that Defendant had knowledge of his serious medical condition and

the risk that he was receiving inadequate treatment for that condition when she received and signed his grievances.

However, Plaintiff has not plausibly alleged that Defendant facilitated, approved, condoned, or turned a blind eye to the risks Plaintiff faced.  Instead, Plaintiff's Complaint indicates that Defendant signed off on the grievances *as emergencies*, suggesting that Defendant determined his grievances should be reviewed on an expedited basis.  *See* 20 Ill. Admin. Code 504.800(a), (b).

Plaintiff does not attach copies of any grievances to his Complaint, nor does the Complaint contain allegations about what occurred following Defendant's determination that the grievances should be handled on an emergency basis.  However, "[f]or purposes of a deliberate indifference claim, the Seventh Circuit and district courts have held that a warden is entitled to delegate the review of grievances to a designee." *Ruiz v. Williams*, 2018 WL 1469044, at *20 (N.D. Ill. Mar. 26, 2018), *citing Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. Aug. 23, 2006).  "The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages

under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

As currently pled Plaintiff's Complaint does not adequately allege that Defendant Greene turned a blind eye to his asthma when she in fact determined his grievances should be handled as emergencies—even if subsequent review by grievance officials did not resolve his medical issues. *See, e.g., Jones v. Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988) ("supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable"); *Streckenbach v. Vandensen*, 868 F.3d 594, 598 (7th Cir. 2017) (supervisor may not be personally liable even when it is "foreseeable that subordinates [will] make operational errors").

Plaintiff may have a deliberate indifference claim against one or more correctional officers or medical providers who denied him care in the Health Care Unit or denied him access to his prescribed inhaler. However, Plaintiff has not named any of those individuals as Defendants in this suit.

Plaintiff's Complaint is therefore dismissed for failure to adequately allege personal involvement by any named Defendant. Plaintiff is granted 21 days in which to file an amended complaint,

should he have additional facts (or copies of the grievances) suggesting personal involvement of Defendant Greene and/or seek to name additional Defendants.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED, without prejudice, for failure to state a claim against Defendant Greene.**

2) **Plaintiff may file an amended complaint within 21 days. If Plaintiff does not file an amended complaint by that deadline, or the amended complaint fails to state a claim, this case will be dismissed.**

3) **Plaintiff's Motion for Status Update [10] is MOOT.**

ENTERED April 30, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE