UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **ANDREW ANDERSON,**     Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 3:24-cv-3045-SEM-EIL<br>) |
| **BRITTANY GREENE,**     Defendant. | )<br>)<br>) |

## MERIT REVIEW ORDER ON AMENDED COMPLAINT

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 12) filed by Plaintiff *pro se* Andrew Anderson.  For the following reasons, the Motion is granted, and Plaintiff may proceed with an Eight Amendment deliberate indifference claim.

### I. Background

The Court entered a Merit Review Order (Doc. 11) on April 30, 2025, dismissing Plaintiff's initial Complaint (Doc. 1).

Specifically, the Court held that Plaintiff may have a deliberate indifference claim against one or more correctional officers or medical providers who denied him care in the Health Care Unit or denied him access to his prescribed inhaler.  However, Plaintiff had not named any of those individuals as Defendants in his original

Complaint. Rather, he had simply sued the Warden for her handling of his emergency grievances regarding his asthma treatment.

## II. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## III. Facts Alleged

Plaintiff's Amended Complaint lists the following Defendants at Western Illinois Correctional Center ("Western"): Correctional Officers J. Smith, Springer, and Smith; Nurse Jenkins; and Warden

Brittany Greene. Plaintiff also seeks to bring suit against John Doe correctional officers and Jane Doe nurses, including all officers and nurses who worked in the restricted housing unit from April 6 to April 8, 2023.

As with his initial Complaint, Plaintiff alleges that he suffered an asthma attack on August 23, 2022. He notified Defendant J. Smith who told him that nurse Jane Doe would not see Plaintiff unless he took a COVID test and sat in the COVID-positive wing of the Health Care Unit ("HCU") while awaiting the results of the test. Plaintiff refused to do so because of the heightened risk of COVID complications for asthmatics and was therefore denied care by Defendant Smith and Defendant Jane Doe.

On September 8, 2022, Plaintiff was again suffering from asthma symptoms. Plaintiff alleges that Defendant John Doe correctional officer did not respond to Plaintiff's request for assistance, via the emergency button in his cell, for approximately 30 minutes. Afterwards, Plaintiff was taken to the HCU where he alleges that Defendant Jane Doe nurse did not take any vitals, including his oxygen level, that are standard in responding to a

possible asthma attack. Instead, the nurse administered a breathing treatment that could provide, at most, temporary relief.

In late November 2022, Plaintiff was seen by one or more non-party providers who determined that his prior inhaler was not effectively treating his asthma symptoms. Plaintiff was put on an emergency breathing treatment and also received a prescription for a different asthma inhaler.

In April 2023, Plaintiff requested his asthma inhaler from Defendant Springer.[1] Springer allegedly notified Plaintiff that his inhaler was missing but took no steps to ensure Plaintiff received treatment or a replacement inhaler. Similarly, Plaintiff spoke with Defendant nurse Jenkins about the missing inhaler, but it was never replaced. On April 22, 2023, Plaintiff alleges he told Defendant Smith that he was having trouble breathing and requested medical attention. Defendant Smith allegedly left Plaintiff's cell and never returned until Plaintiff's cellmate got Smith's attention as Plaintiff was approaching a blackout. Plaintiff

---

[1] Plaintiff alleges that while in restricted housing at Western inmates are not permitted to keep their asthma inhalers in their cells. Therefore, they are reliant on correctional officers or nurses to provide their prescribed inhalers upon request.

was then taken to the HCU and sent to an outside hospital for five days.

Plaintiff alleges that he sent numerous emergency grievances to Defendant Greene regarding his asthma.

### III. Analysis

Plaintiff may proceed on an Eighth Amendment claim of deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (complaint must adequately allege that (1) the plaintiff suffered an objectively serious medical need and (2) the defendant was deliberately indifferent to that need).

As the Court held in the prior Merit Review Order, Plaintiff has adequately alleged that he suffers from an objectively serious medical condition: asthma.

In the Amended Complaint, Plaintiff has now also alleged facts plausibly identifying the following Defendants who both knew of and disregarded the risk to his health: J. Smith, Springer, Smith, Jenkins, John Doe correctional officers, and Jane Doe nurses. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (defendant violates the

Eighth Amendment only if (s)he "knows of and disregards an excessive risk to inmate health or safety").

However, for the reasons already identified in the Merit Review of the initial Complaint, Plaintiff may not proceed on a claim against Warden Greene, where he alleges that she did not have any personal involvement beyond designating his grievances as emergencies to be promptly reviewed by other officials. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Ruiz v. Williams*, 2018 WL 1469044, at *20 (N.D. Ill. Mar. 26, 2018), *citing Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. Aug. 23, 2006).

However, Warden Greene will remain a party to this case, in her official capacity only, for the purpose of participating in discovery to identify the Doe Defendants.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [12] is GRANTED, and the Amended Complaint is now the operative pleading in this case.**

2) **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants J. Smith, Springer, Smith, Jenkins, John Does, and Jane Does. Defendant Greene remains in this case in her official capacity only,**

for the purpose of participating in discovery to identify the Doe Defendants. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file their Answers. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the

merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendants' counsel have filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

10) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED June 6, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE